**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS**

| | |
|---|---|
| **FIRSTNET INSURANCE CO.**, | Case Number: 1:11-cv-00005 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL DISCOVERY** |
| **ZHEN RUI BROTHER CORP.**, | |
| Defendant. | |

Before the court is a motion to compel discovery filed by Plaintiff FirstNet Insurance Company ("FirstNet"). Docket No. ("DN") 19. After a hearing on October 6, 2011, the court granted the motion and assessed costs against Defendant Zhen Rui Brother Corp. ("Zhen Rui"). The court now explains the reasons for its decision and issues further orders.

**I.    BACKGROUND**

  **A.    Complaint and Answer**

FirstNet is an insurer who entered into a policy with Zhen Rui to insure the contents of BL Clothing Store against loss from fire. DN 1 ("Complaint"), ¶ IV, and DN 2 ("Answer"), ¶ 4. The total value of the policy is $405,346.00, with the amount payable based on an inventory supplied by Zhen Rui. *Id.* In late October of 2010, BL Clothing Store burned down. DN 1, ¶ V. On December 27, 2011, Zhen Rui filed a claim under the policy for $404,718.53 against the loss. DN 1, ¶ VI, and DN 2, ¶ 6.

FirstNet asserts that Zhen Rui has failed to respond to FirstNet's diligent attempts to secure adequate documentation of the value and quantity of inventory allegedly destroyed in the fire. DN 1, ¶ VII. Zhen Rui responds that most of its business documents were

destroyed in the fire. DN 2, ¶ VII.

FirstNet alleges that it has evidence that Zhen Rui either intentionally started the fire or recklessly increased the risk of fire by the introduction onto the premises of petroleum products and heat sources. DN 1, ¶ IX. Because such facts would void the policy, FirstNet has sought declaratory relief to determine its rights and obligations under the policy. *Id.* at ¶¶ IX-X.

Zhen Rui has counterclaimed and seeks attorney's fees and costs. DN 2.

### B. Initial Discovery

On June 15, 2011, FirstNet submitted to Zhen Rui a request for documents and admissions and a set of interrogatories. DN 10. Included was a request for all documents relating to Zhen Rui's contract to pay attorney's fees as alleged in the counterclaim. DN 19, 2:24–26. FirstNet also requested production of Zhen Rui's tax returns for the years 2004 through 2010. DN 19, 3:2–6.

Thirty days later, on July 15, Zhen Rui requested a two-week extension to respond to the request. DN 20 at ¶ 17. FirstNet granted an extension of one week, until July 22. DN 19, 2:7: DN 20 at ¶ 18.

On July 22, Zhen Rui responded to the request for documents and admissions but not to the interrogatories. DN 19, 2:7–9; DN 20 at ¶ 19. Zhen Rui resisted producing its retainer agreement, asserting the protection of attorney-client privilege and the work-product doctrine. DN 19, 2:27–3:1. Zhen Rui asked for an additional week to respond to interrogatories because its representative, Mr. Zheng Biao, was temporarily away from the CNMI, in China. DN 19, 2:11–13; DN 20 at ¶ 19.

On July 25, FirstNet contacted Zhen Rui and requested authority for Zhen Rui's objections to the document requests. DN 19, 3:11–13.

On August 3, counsel for FirstNet sent counsel for Zhen Rui an e-mail with a letter attached, and followed up with a phone call. DN 19-1, 2:10–16 ("Declaration of Richard W. Pierce"); DN 20 at ¶ 21. In the letter, FirstNet's counsel noted that he had still not received

1  interrogatory answers and stated, "I want to move along with filing a motion to compel so
2  I will call you to confer on the discovery." DN 19-1, 13. During the phone conversation,
3  counsel for the parties talked about discovery, including the effect of Mr. Biao's travel
4  schedule and the request for tax returns. DN 19-1, 14.

### C. Motion to Compel

On August 26, 2011, FirstNet filed a motion to compel discovery. DN 19. In the motion, FirstNet asked the court to order Zhen Rui to produce all documents, to overrule Zhen Rui's objections to producing its retainer agreement with counsel ("Document Request No. 1") and its tax returns ("Document Request No. 2"), and to answer the interrogatories. *Id.* DN 19, 4:2–7, 5:15–17. FirstNet also sought to recover costs under Fed. R. Civ. P. 37(a)(5) but did not seek sanctions. DN 19, 5:18–22.

In its opposition, filed September 15, 2011, Zhen Rui asserted that the motion to compel was premature because the parties had not yet met and conferred as required by Local Rule 26.4. DN 20, 2:2-7. Zhen Rui argued that its delay in providing discovery was excusable because of an unanticipated extended absence from the CNMI by Zhen Rui's sole representative, Mr. Zheng Biao, and counsel's need for an interpreter to communicate with Mr. Biao. DN 20, 2:8-13. Counsel stated that Mr. Biao returned to the CNMI on August 30, 2011 (DN 20, 5:7), and Zhen Rui would therefore be able to reply to interrogatories by September 19, 2011. DN 7, 23.

As to Document Request No. 1, Zhen Rui asserted that the retainer agreement is protected by the attorney-client privilege. DN 20, 6:11–7:4. With respect to Document Request No. 2, Zhen Rui dropped its objection to producing the 2004–2010 tax returns but noted it was having difficulty obtaining copies of the returns for the years 2004–2007 from the CNMI Department of Finance. DN 20, 7:6-19. Zhen Rui represented that it would produce interrogatory responses by September 19, 2011. DN 20, 7:21–24. Zhen Rui asked for sanctions against FirstNet for violation of Local Rule 26.4's "meet and confer" requirement. DN 20, 9:1–14.

At the hearing on October 6, 2011, FirstNet agreed that since the filing of its motion to compel discovery Zhen Rui has been responsive. Zhen Rui has provided most of the requested documents. Zhen Rui gave permission for the CNMI government to release its 2004–2007 tax returns, and FirstNet was now awaiting action from the appropriate government agency. Zhen Rui responded to FirstNet's interrogatories and objected to Interrogatories No. 7, 8, 9, and 10. FirstNet took the position that the objections were untimely and should be waived.

The issues remaining for the court to address are: (1) whether FirstNet and Zhen Rui conferred on outstanding discovery issues before FirstNet sought relief in court; (2) whether the retainer agreement is privileged and therefore shielded from disclosure; (3) whether Zhen Rui's objections to Interrogatories No. 7–10 are waived, and (4) whether to assess costs and sanctions against either side.

**II.     APPLICABLE STANDARDS AND LAW**

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed. R. Civ. P. 26(b)(1). Relevant matter need not be admissible at trial so long as the discovery "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.*

Discovery under the Federal Rules of Civil Procedure is "accorded a broad and liberal treatment." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). The rules should be construed to permit "wide-ranging discovery of information necessary for parties to evaluate and resolve their dispute." *Sommer v. United States,* 2011 U.S. Dist. LEXIS 107724, 11 (S.D. Cal.), *citing Oakes v. Halvorsen Marine Ltd.,* 179 F.R.D. 281, 283 (C.D. Cal. 1995). The party resisting discovery bears a heavy burden of showing why discovery should be denied. *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th Cir. 1975). Evasive or incomplete discovery disclosures and responses must be treated as failures to disclose and respond. Fed. R. Civ. P. 37(a)(4).

A party moving to compel must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Generally, either a face-to-face meeting or a telephone conference suffices to comply even with local rules imposing a "meet and confer" requirement. *Cf., e.g., Wilkins v. Maricopa Cty.,* 2010 U.S. Dist. LEXIS 61352 (D. Ariz), n.2 (comparing Rule 37(a)(1) compliance to stricter local rule requiring "face-to-face or telephone conversations"); *Bennet v. Equitable Trust Mortage Corp.,* 2010 U.S. Dist. LEXIS 53940, 11-12 (N.D.W.Va.) (comparing to local rule requiring effort to "meet in person or by telephone"); *Bennett v. Interfor Pac., Inc.,* 2011 U.S. Dist. LEXIS 68497, 4 (W.D. Wash.) (local rule requires "a face-to-face meeting or a telephone conference").

The party asserting attorney-client privilege has the burden to establish that the privilege applies. *Kammerer v. City of Vancouver,* 2008 U.S. Dist. LEXIS 77993, 4, *citing United States v. Austin,* 416 F.3d 1016, 1019 (9th Cir. 2005). Documents "are not shielded from discovery merely because they are confidential." *Sommer,* 2011 U.S. Dist LEXIS 107724, 11, *quoting DIRECTV, Inc. V. Puccinelli,* 224 F.R.D. 677, 685 (D. Kan. 2004).

Interrogatories must be answered or objected to within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). Grounds for objection must be stated with specificity. Fed. R. Civ. P. 33(b)(4). Any ground not stated in a timely objection is waived unless the court excuses the failure for good cause. *Id.*

If a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the moving party the reasonable expenses incurred in making the motion, including reasonable attorney's fees, unless it finds the opposition was "substantially justified" or other circumstances make such award "unjust." Fed. R. Civ. P. 37(a)(5)(A).

Local discovery procedures are "now governed in large measure by Fed. R. Civ. P. 26(a) and L.R. 16.2CJ." United States District Court for the Northern Mariana Islands, Civil Local Rules, Part V, note (Jan. 1, 2004, as amended and updated through Feb. 1, 2010). The

local rules direct attention "to the provisions of LR 26, which requires counsel to meet and confer before a discovery motion is filed." L.R. 16.2CJ(d)(1).  However, the local rule that used to require a conference, L.R.26.10,[1] was not incorporated in the 2004 revision and is no longer in force.

### III. DISCUSSION

#### A. FirstNet Conferred in Good Faith Before Moving to Compel Discovery

In his Declaration, counsel for FirstNet certified that he conferred in good faith with defense counsel before filing the instant motion.  DN 19-1, 2:18–24.  Before reaching the merits of FirstNet's motion to compel, the court must determine whether FirstNet in fact conferred with Zhen Rui in good faith to try to resolve discovery issues without involving the court.

Because in 2004 this district discarded a more particularized "meet and confer" requirement (former L.R. 26.10(a)), FirstNet need only have demonstrated compliance with the mandate of Fed. R. Civ. P. 37(a)(1) to confer in good faith.  FirstNet does not assert it met face-to-face to confer with Zhen Rui.  But Firstnet and Zhen Rui agree that on August 3, FirstNet's counsel called counsel for Zhen Rui and they discussed discovery matters. DN 19-1, 2:10–16; DN 20 at ¶ 21.  The only question, then, is whether this telephone conversation was substantial enough to constitute a good-faith effort on the part of FirstNet to confer.

The record shows that it was.  At about noon on August 3, FirstNet's counsel e-

---

[1] "The court will entertain no motion under Federal Rules of Civil Procedure 26 through 37 unless counsel have previously met and conferred concerning all disputed issues. If counsel for the moving party seeks to arrange a conference and counsel for the party against whom the motion is made refuses or fails to meet and confer, the court may order the payment of reasonable expenses, including attorney fees, pursuant to Fed.R.Civ.P. 37(a)(4) and LR 1.3." L.R. 26.10(a) (January 1, 1997, as amended through January 1, 2003), *available at http://www.nmid.uscourts.gov/documents/publications/booklet-usdcnmi_local_rules_010103.pdf*.  This appears to be the text that defense counsel relied on in his Opposition to the Motion to Compel but cited as L.R. 26.4, not L.R. 26.10.  DN 20, 5:12–17.  It is possible that defense counsel was referencing an even earlier version of the local rules.

mailed a letter to defense counsel announcing that he was taking the necessary steps before filing a motion to compel and would be calling "to confer on the discovery." DN 19-1, 13. About four hours later, FirstNet's counsel sent defense counsel an e-mail memorializing the telephone conversation they had just had. DN 19-1, 14. He thanked defense counsel "for talking with me today about discovery." *Id.* He acknowledged that they had discussed Mr. Biao's return from China and defense counsel's undertaking to "work with him [Mr. Biao] about the discovery responses." *Id.* He alerted defense counsel that he was particularly concerned about objections to producing the tax returns because to obtain them from the government would be "time consuming." *Id.* "Therefore," FirstNet's counsel wrote, "I would like to *tee up the issue with the court sooner rather than later* if you intend to maintain the privacy objection." *Id.* (emphasis added). Defense counsel did not reply to this confirmatory e-mail or by other means dispute the nature or details of the phone conversation. Defense counsel did not request a face-to-face conference.

Defense counsel asserts in his Declaration that the August 3 phone call contained "no mention of a meet and confer regarding disputed discovery issues at any time." DN 20-1, 2:25-26. Yet the letter FirstNet e-mailed to defense counsel just before calling made it absolutely clear that FirstNet's purpose was to confer on discovery disputes as a last step before resorting to a Rule 37 motion to compel. FirstNet's memorialization of the conversation is credible and indicates a good-faith effort to settle the parties' disagreements over disclosures. Therefore FirstNet's motion to compel is proper.

. **B.     Zhen Rui Must Produce the Retainer Agreement**

Zhen Rui must comply with Document Request No. 1 and produce its retainer agreement with defense counsel**.** Zhen Rui has counter-claimed for attorneys' fees. Zhen Rui's retainer agreement with its attorney is relevant to deciding such a claim and therefore is discoverable. *See* Fed. R. Civ. P. 26(b)(1). Zhen Rui resists disclosure on grounds that the retainer agreement is privileged. The party asserting a privilege, including the attorney-client privilege, bears the burden of demonstrating that the privilege applies. *Weil v.*

1 *Investment/Indicators, Research and Management, Inc.,* 647 F.2d 18, 25 (9th Cir. 2005).

2       Neither in its opposition brief nor in oral argument did Zhen Rui cite any case, statute, rule, or regulation in support of privileging retainer agreements. Instead, Zhen Rui has asserted that cases which FirstNet cites do not approve wholesale disclosure of retainer agreements but limit disclosure to client identity and fee information (*In re Grand Jury Subpoena Served Upon John Doe,* 781 F.2d 238, 247 (2nd Cir. 1986)), fee payment, billings, and time expenditures (*Bank Hapoalim, B.M. v. American Home Assurance Co.,* 1993 WL 37506 (S.D.N.Y. 1993)), attorneys' bills and communications regarding retainer agreements (*Duttle v. Bandler & Kass,* 127 F.R.D. 46, 52 (S.D.N.Y. 1989)). DN 20, 6:12-23. Zhen Rui urges the court to restrict any disclosure it may order accordingly and to conduct an in camera review of the retainer agreement before making any disclosure. DN 20, 6:24–7:2 and n.2.

13       The problem for Zhen Rui is that it has steadfastly refused, even upon prodding from the court at oral argument, to try to carry its burden of proving, and not merely asserting, that the attorney-client privilege encompasses retainer agreements. Zhen Rui has made no prima facie showing of privilege to which FirstNet must respond. Moreover, Zhen Rui has failed to identify a class of information that one might expect a retainer agreement to contain which might arguably be covered by the attorney-client privilege. Therefore, the blanket objection to Document Request No. 1 is overruled and the retainer agreement is ordered to be disclosed.

### C.     Zhen Rui Must Answer All Interrogatories

23       Zhen Rui objects to Interrogatories 7–10. These objections were first made at oral argument on the motion on October 6, 2011. FirstNet served interrogatories on Zhen Rui on June 15, 2011. DN 20, 4:1–7. Any objections must be made within 30 days after being served with the interrogatories. Fed. R. Civ. P. 33(b)(2). Any ground not stated in a timely objection is waived unless the court excuses the failure for good cause. Fed. R. Civ. P. 33(b)(4).

1 Zhen Rui's objections, made more than three months after being served with the
2 interrogatories, are untimely. Defense counsel urges that Mr. Biao's prolonged absence from
3 the CNMI, and the language difficulties in that defense counsel does not speak Chinese,
4 should excuse the extreme untimeliness. They do not. Many foreigners, including Chinese,
5 have business interests in the CNMI. Local lawyers who take on foreign businessmen as
6 clients can be expected to develop an appropriate network of translators and interpreters to
7 assist them in the representation, not only for transactional work but in the foreseeable event
8 they may be sued.

9 Moreover, the interrogatories are in English, not Chinese. The defense's objections
10 that some of the interrogatories are vague, overbroad, and unduly burdensome would have
11 been apparent on inspection by English-speaking defense counsel and could have been raised
12 with FirstNet months ago. In any event, Mr. Biao returned to the CNMI on August 30, 2011.
13 More than two weeks later, on September 15, in its opposition to the motion to compel (DN
14 20), Zhen Rui still failed to object to interrogatories.

15 For these reasons, Zhen Rui has failed to demonstrate good cause to excuse the
16 failure to object. The objections are waived.

17 **D.     Zhen Rui Must Pay Costs**

18 Having granted FirstNet's motion to compel, the court must impose reasonable
19 expenses, including attorney's fees, on the party or attorney, or both, who resisted disclosure,
20 unless exceptional circumstances exist. Fed. R. Civ. P. 37(a)(5)(A). Those circumstances
21 are (i) lack of good-faith effort by the movant to obtain discovery without court intervention,
22 (ii) substantial justification to oppose disclosure, or (iii) other circumstances that would
23 make an award of costs unjust. *Id.* As explained earlier, FirstNet made good-faith efforts
24 to confer to resolve the parties' discovery disputes before filing a motion to compel. The
25 court finds that Zhen Rui's failure even to attempt to carry its burden on its claim of
26 attorney-client privilege, its dilatoriness in responding to reasonable requests for action by
27 FirstNet, and its last-minute objection to interrogatories do not substantially justify Zhen

1   Rui's resistance to FirstNet's request for disclosures.  The court finds that making Zhen Rui
2   pay for FirstNet's reasonable expenses and attorney's fees is just.  The court therefore
3   assesses costs against Zhen Rui pursuant to Fed. R. Civ. P. 37(a)(5)(A).

4   Because Zhen Rui did not prevail in its opposition to the motion to compel, its
5   motion for sanctions pursuant to Fed. R. Civ. P. 37(a)(5)(B) must be denied.

## IV.  CONCLUSION

For the foregoing reasons, the court finds and orders as follows:

1. FirstNet complied with the requirement of federal and local procedure rules to confer in good faith to obtain discovery without court action.

2. Zhen Rui is ordered to produce the retainer agreement.  In an abundance of caution, the court will allow Zhen Rui to submit the retainer agreement for in camera inspection.  When submitting the agreement to the court, Zhen Rui must identify *with particularity* the item or items it asserts are privileged and not subject to disclosure, and the legal grounds on which the assertions of privilege are based.  The court will then apply the Ninth Circuit's eight-part test, as set forth in *Weil,* 647 F.2d at 25, to determine whether the items are privileged.  Zhen Rui is reminded that client identity, fee information, fee payment, billings, time expenditures, attorneys' bills, and communications regarding retainer agreements are not subject to attorney-client privilege.  Zhen Rui is not required to avail itself of an in camera inspection and may, if it so chooses, disclose the retainer agreement to FirstNet directly.

3. Zhen Rui's objections to Interrogatories No. 7–10 are waived.  Defendant's answers to these interrogatories are due, as the court announced at the end of the October 6 hearing, by close of business on **October 13, 2011.**

4. Zhen Rui is ordered to pay FirstNet's reasonable expenses and attorney's fees.  FirstNet shall submit an accounting of those expenses and fees to the court and serve the accounting on Zhen Rui by close of business on **October**

1 **28, 2011.** Zhen Rui may file and serve any objection to the accounting by
2 close of business on **November 4, 2011.** FirstNet may file and serve a
3 response by close of business on **November 8, 2011.** The court will then,
4 without a hearing, issue an order for costs in an amount certain.
5     5.    Zhen Rui's request for sanctions is denied.

        **SO ORDERED** on October 24, 2011.

_____
R<small>AMONA</small> V. M<small>ANGLONA</small>, Chief Judge