FILED
Clerk
District Court

DEC – 8 2011

For The Northern Mariana Islands
By_____
(Deputy Clerk)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| FIRSTNET INSURANCE CO.,<br><br>Plaintiff,<br><br>vs.<br><br>ZHEN RUI BROTHER CORP.,<br><br>Defendant, | Case No.11-CV-00005<br><br><br>**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the court is the Motion for Summary Judgment ("Motion," Dkt. No. 25) and Memorandum in Support (Dkt. No. 24) filed by Defendant Zhen Rui Brother Corporation ("Zhen Rui"). The court has also reviewed the Opposition (Dkt. No. 29) of Plaintiff FirstNet Insurance Company ("FirstNet") and Zhen Rui's Reply (Dkt. No. 31).

The court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a). There is complete diversity: Plaintiff is a corporation having its principal place of business on Guam, and Defendant is a corporation with its principal place of business in the Commonwealth of the Northern Mariana Islands ("CNMI"). ("Complaint," Dkt. No. 1 at ¶ 2; "Answer," Dkt. No. 2 at ¶ 2). The amount in controversy exclusive of interest and costs exceeds $75,000. (Dkt. No. 1 at ¶ 4; Dkt. No. 2 at ¶ 4.) The court finds that the matter can be decided on the papers and exercises its discretion, pursuant to Local Rule 7.1(a), to forego oral argument. For the reasons set forth below, Zhen Rui's motion is denied.

1

2     **I.  Background**

3        FirstNet, an insurance company, has brought suit for a declaration of its rights and

4 obligations under its policy with Zhen Rui ("the Policy"). (Dkt. No. 1 at ¶¶ 9–10.)

5        The parties agree on the following facts:  FirstNet insured Zhen Rui's BL clothing store

6 ("BL") against loss from fire. (Dkt. No. 24 at 3; Dkt. No. 29 at 1.)   The total value of the Policy

7 was $405,346.00, with the amount payable based on an inventory supplied by Zhen Rui.   (Dkt.

8 No. 1 at ¶ 4; Dkt. No. 2 at ¶ 4.) On October 30, 2010, fire broke out at BL and severely damaged

9 the building and its contents.  (Dkt. No. 24 at 3; Dkt. No. 29 at 1.)  Zhen Rui valued its lost

10 inventory and equipment at $404,718.53 and claimed for that amount on the Policy.  (Dkt. No. 1

11 at ¶ 6; Dkt. No. 2 at ¶ 6.)  About a week after the fire, FirstNet sent out its investigator, who

12 subsequently wrote a report.  (Dkt. No. 25-6, Ex. M.)

13        FirstNet alleges that the fire was caused by arson, and that Zhen Rui either intentionally

14 started the fire or recklessly increased the risk of fire by introducing petroleum products and heat

15 sources onto the premises. (Dkt. No. 1 at ¶ 9. )

16

17     **II. Standard for Summary Judgment**

18        Summary judgment is proper "if the movant shows that there is no genuine dispute as to

19 any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

20 56(a).  The moving party has "the burden of showing the absence of a genuine issue as to any

21 material fact, and for these purposes the material lodged must be viewed in the light most

22 favorable to the opposing party." *Avalos v. Baca,* 596 F.3d 583, 587 (9th Cir. 2010), *quoting*

23 *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157 (1970).  "The materiality of a fact is . . .

24 determined by the substantive law governing the claim or defense.  *T.W. Elec. Serv., Inc. v.*

1 | *Pacific Elec. Contractors Ass'n,* 809 F.2d 626, 630 (9th Cir. 1987). Conflicts between direct
2 | evidence produced by the parties with respect to a material fact must be resolved in favor of the
3 | nonmoving party. *Id.* at 631.

4 | Summary judgment must be granted "against a party who fails to make a showing
5 | sufficient to establish the existence of an element essential to that party's case, and on which that
6 | party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).
7 | If the moving party does not bear the burden of proof at trial, it may prevail on summary
8 | judgment by "pointing out to the district court . . . that there is an absence of evidence to support
9 | the nonmoving party's case." *Id.* at 325; *see also Nissan Fire & Marine Ins. Co. v. Fritz Cos.,*
10 | 210 F.3d 1099, 1102-3 (9th Cir. 2000).

11 |

12 | **III. Analysis**

13 | Zhen Rui makes two arguments. As to liability, it argues that FirstNet has failed to
14 | establish that Zhen Rui caused the fire. Dkt. No. 24 at 7:1-7. As to damages, Zhen Rui claims
15 | that it suffered a "total loss" and that under the CNMI's valued-policy statute it is entitled to the
16 | full value of the Policy as a liquidated demand for the total loss. *Id.* at 6:11-24. That is, Zhen
17 | Rui asserts that under CNMI law there is no dispute as to the amount of damages.

18 | FirstNet responds that, as to liability, (1) FirstNet is not liable to pay on the Policy if the
19 | fire was caused by arson, and (2) direct evidence points to arson and ample circumstantial
20 | evidence indicates that Zhen Rui willfully caused the fire. Dkt. No. 29 at 5-7. As to damages,
21 | FirstNet asserts that (1) the CNMI valued-policy statute excludes loss of personal property,
22 | which is the type of loss Zhen Rui claims, and (2) Zhen Rui's Policy with FirstNet is not a
23 | valued policy.

24 |

3

1

*a. Liability*

2    The substantive law of the CNMI controls this diversity action. *Erie R. R. Co. v.*
3 *Tompkins,* 304 U.S. 64 (1938). Under CNMI law, if Zhen Rui willfully set fire to its own store,
4 FirstNet is not liable for the resulting loss. "An insurer is not liable for a loss caused by the
5 willful act of the insured[.]"   4 C.M.C. § 7505(b).

6    FirstNet has made a sufficient showing, for purposes of surviving summary judgment, to
7 establish that Zhen Rui caused the fire.  Arson may be proved by circumstantial evidence, for
8 direct evidence of arson is not essential and is seldom available. *Don Burton, Inc. v. Aetna Life*
9 *& Casualty Co.,* 575 F.2d 702, 706 (9th Cir. 1978).

10    FirstNet's investigator clearly indicated that the cause of the fire was arson and
11 repeatedly implied that Zhen Rui set the fire.  The investigator determined that there were
12 "multiple fires" in the shop.  (Dkt. No. 25-6 at 15, § 4.4.)  Multiple fires are "two or more
13 separate, nonrelated, simultaneously burning fires." (*Id.* at n.2.)  "Ignitable liquids were found
14 at different locations in the shop.  An incendiary device (candle) was found in the right lot.
15 Trails of cloth were found at the areas under the wooden platforms of both lots . . ." (*Id.* at 16, §
16 5.1.)  "The overall evidence therefore indicated that the fire was deliberately started at various
17 locations with the use of petrol/diesel to aid the ignition and spread." (*Id.*)  The investigator
18 considered accidental causes and ruled them out.  (*Id.* at 16-17, § 5.2.)  Burning was "observed
19 under a wooden table in the tailoring section." (*Id.* at 11, § 4.1(B).)  The investigator recovered
20 the remains of a candle "wrapped with paper tissues at one end and taped over with cellophane
21 tape . . ." (*Id.* at 13, last unnumbered paragraph.)  Of eight samples analyzed, seven showed
22 "[a]n ignitable mixture of petrol and a very small quantity of diesel . . ." (*Id.* at 15, § 4.3.)

23    FirstNet has put forward evidence of motive and opportunity for Zhen Rui to set fire to its
24 own store.  On March 7, 2011, Zhen Rui's owner gave a sworn statement that for the six years

4

1    prior to the summer of 2010, he did not purchase insurance for the store.   (*Quoted in*
2    "Declaration of Richard Pierce," Dkt. No. 29-1, ¶ 4.)   It is undisputed that the store suffered
3    substantial fire loss only a few months after Zhen Rui took out the Policy.   Firefighters had to
4    break open the doors of the building to gain access.   (Dkt. No. 25-6 at 10, § 3.3.)   Only the
5    owner, Mr. Zheng Biao, and an employee had keys.   (*Id.* at 9, § 3.1.)

6           Taken together, Plaintiff FirstNet has presented more than sufficient evidence to establish
7    a dispute over liability for the jury to resolve at trial.

8

9           *b.   Damages*

10          If Zhen Rui prevails at trial on liability, the amount of damages remains in dispute.   The
11   Policy covered Zhen Rui's inventory and equipment. Dkt. No. 25-2, at 15 (Ex. G).   Losses of
12   inventory and equipment are losses of personal property.   "Any movable or intangible thing that
13   is subject to ownership and not classified as real property" is personal property.   BLACK'S LAW
14   DICTIONARY 1254 (8th Ed. 1999).   The CNMI courts have treated all property as classifiable
15   either as real or personal. *Mendiola v. Commonwealth Utils. Corp.,* 2005 MP 2 ¶ 19.   Businesses
16   can own personal property. *See, e.g., Dep't of Revenue v. ACF Indus.,* 510 U.S. 332, 344 (1994)
17   (characterizing inventory as a class of "business personal property"); *United States v. Whiting
18   Pools,* 462 U.S. 198, 200 (1983) (inventory is part of a business's "tangible personal property").

19          The CNMI's valued-policy statute expressly excludes personal property:

20          A fire or miscellaneous insurance policy, in case of a total loss of any risk insured
             under the classes specified in this division, as valued or miscellaneous insurance
21          shall be held and considered to be a liquidated demand against the insurer taking
             the risk for the full amount stated in the policy, or the amount upon which the
22          insurer charges, collects or receives a premium; *provided, that the provisions of
             this section shall not apply to personal property.*
23
     4 C.M.C. § 7505(i) (emphasis added).   The whole purpose of valued-policy statutes is to
24

5

1    "prevent insurance companies from overvaluing real property for premium purposes and

2    then repudiating those values after a fire loss." *St. Paul Fire & Marine Ins. Co. v. Griffin*

3    *Constr. Co.,* 338 Ark. 289, 294 (Ark. 1999).

4         In its reply, Zhen Rui cites to *Ryan Dev. Co., L.C. v. Ind. Lumbermens Mut. Ins.*

5    *Co.,* 2011 WL 5080309 (D. Kans. Oct. 25, 2011), for the proposition that the express

6    exclusion of personal property in the statute does not mean that only real property is

7    subject to liquidated damages. *Ryan* concerned the scope of a boilerplate liquidated-

8    damages clause in a fire insurance policy. *Id.* at 1-2. The policy's clause (*id.* at 2) is

9    worded similarly to the CNMI statute in question. The court found that at trial it was not

10   improper for the plaintiff to argue in closing that lost profits are not personal property and

11   therefore are not excluded. *Id.* "Because neither 'personal property' or 'real property'

12   are defined in the policy, the Court cannot concur with Defendant's reasoning that the . . .

13   amendatory endorsement only covers real property." *Id.*

14        It is not necessary to delve into whether the *Ryan* court is right about the scope of

15   the personal-property exclusion. Lost profits are most often treated as a measure of

16   damage to property, not as property itself. *See, e.g. Howard Hess Dental Labs. Inc. v.*

17   *Dentsply Int'l, Inc.,* 424 F.3d 363, 374 (3d Cir. Del. 2005); *Republic Nat'l Life Ins. Co. v.*

18   *Red Lion Homes, Inc.,* 704 F.2d 484, 488 (10th Cir. 1983); *esp. 81 Franklin Co. v.*

19   *Ginaccini,* 149 Misc. 2d 124, 126 (N.Y. Civ. Ct. 1990) ("plaintiff can recover resulting

20   lost profits as a measure of injury to the personal property which plaintiff's business

21   represents"). In any event, Zhen Rui is not seeking to recover lost profits. It is claiming

22   loss of inventory and other tangibles that are clearly personal property. Zhen Rui has

23   cited to no authority that would support a finding that the items whose value it seeks to

24   recover are *not* personal property.

1   There is no need to determine whether, as FirstNet claims, the Policy is not a

2   valued policy. Even if it were a valued policy, the lost property claimed by Zhen Rui

3   would be excluded by operation of CNMI law.

4   Because the value of the Policy is not a liquidated demand with respect to the

5   personal property Zhen Rui claims it lost in the fire, damages remain in dispute.

6

7   **IV. Conclusion**

8   For the foregoing reasons, Zhen Rui's motion for summary judgment is denied. The hearing

9   set for December 8, 2011, at 1:30 p.m. is hereby vacated.

10

11  SO ORDERED this 8th day of December, 2011.

12

13                                      RAMONA V. MANGLONA
                                        Chief Judge

14

15

16

17

18

19

20

21

22

23

24